JOHNSON v. METROPOLITAN LIFE INS. CO.

No. 1690.

District Court, M. D. Pennsylvania.

April 11, 1945.

ments in defendant's answer as to fraud and contends that such an order is authorized by Rule 7 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following Section 723c. Rule 7 provides for an answer as well as a reply, but the latter can be had only to a designated counterclaim or upon court order. Obviously, the framers of the rule intended that pleadings should be terminated quickly. The rule does not provide that the court may order a reply to an affirmative defense. Such a provision was purposely omitted. Under the rule the court clearly has the power to order a reply to allegations in an answer and perhaps should do so under certain conditions, which conditions do not exist here.

The question should be decided on the sufficiency of the pleadings and not upon the adherence of defendant's answer to the provisions of the Practice Act in Pennsylvania, 12 P.S., Pa., §§ 382 et seq. Defendant in its answer alleges that deceased's averments of facts submitted in the application for the policy, which appears as an exhibit attached to the complaint, were false and fraudulent. Plaintiff cannot deny the averments made by the decedent in the application, which are also fully set forth in the defendant's additional averments; and it is, in fact, difficult to perceive what information the plaintiff can add to the averments other than categorical denials or affirmations, neither of which would ease any burden on the defendant. The real function of pleading is to create the issues. In this case, the issues are clearly created by the complaint and answer, and there is no need for additional pleadings. It is well to keep in mind that cases should generally be tried on proofs rather than on pleadings. Defendant's motion will be denied.

Al. J. Kane and Wm. J. Fahey, both of Wilkes Barre, Pa., for plaintiff.

Collins & Collins, of Wilkes Barre, Pa., for defendant.

WATSON, District Judge.

This suit was brought by the plaintiff as beneficiary of an insurance policy issued by the defendant.

The defendant in its answer admitted the issuance of the policy and the death of the insured but denied liability in certain paragraphs of the answer on the ground that the insured in applying for the insurance made certain fraudulent representations upon which the defendant relied in issuing the policy. The answer sets forth the false statements which it is alleged the deceased made.

The defendant has moved the court to order the plaintiff to reply to the aver-

Now, April 11, 1945, defendant's motion for an order directing the plaintiff to reply is denied.